IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| REGINALD ROBINSON, § | |
| NEWTON CTY SPN 42961, § | |
| HARRIS CTY SPN 2358925, § | |
| Plaintiff, § | |
| v. § | CIVIL ACTION H-10-2438 |
| § | |
| HARRIS COUNTY SHERIFF'S § | |
| DEPARTMENT, *et al.*, § | |
| Defendants. § | |

OPINION ON DISMISSAL

The plaintiff in this civil action is a state pre-trial detainee proceeding *pro se*. He is charged with aggravated assault with a deadly weapon in cause number 121847201010; a jury trial is set for September 27, 2010, in the 208th Criminal District Court of Harris County, Texas. Harris County District Attorney's Website.[1]  Plaintiff indicates that he is represented by counsel in the criminal proceeding. (Docket Entry No.2, page 3).

Plaintiff has filed the pending civil rights action pursuant to 42 U.S.C. § 1983; he has also filed an application to proceed *in forma pauperis* (Docket Entry No.2), which the Court will grant.

I. CLAIMS

On July 7, 2010, plaintiff filed the pending complaint pursuant to 42 U.S.C. § 1983 against the Harris County Sheriff's Department, the Harris County Jail, the Newton County Correctional Center, and the Harris County Judicial System. (Docket Entry No.1). Plaintiff claims that at the time of his arrest on June 9, 2009, the Harris County Sheriff's Department did

---

[1] http://app.dao.hctx.net/HelpingVictims/Search.aspx?id=02358925&cause=121847201010&name=ROBINSON,%20REGINALD

1

not read his "arresting rights" to him nor inform of the nature of the crime for which he was being arrested. (*Id.*). He claims the Harris County judicial system has subjected him to official oppression by denying him a speedy trial on his criminal charges in state court and has not properly "looked" at his case. He also complains that the Harris County judicial system wrongfully charged him with an offense under state law and that he should be charged with a federal offense because he did not shoot anyone and no weapon was found on him. (*Id.*). He further complains that the Harris County Jailers, officers, and ranking officials engaged in official oppression by laughing at his grievances and forwarding them to the Mental Health and Mental Retardation Association, and that they have detained him under cruel and unusual conditions. (*Id.*). Finally, plaintiff claims the Harris County Jail administration transferred him to the Newton County Correctional Center where living conditions are not good and plaintiff finds it difficult to consult with his attorney. (*Id.*). As relief, he seeks compensatory damages for his psychological, mental, and physical pains, and for his lost wages for the year he has spent in the Harris County Jail. He further seeks an order for the current criminal case to be expedited. (*Id.*).

For the reasons to follow, the Court will dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

## II. DISCUSSION

The Prison Litigation Reform Act requires that the district court review a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). On review, the Court must identify cognizable claims or dismiss the complaint or any portion thereof, if the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may

be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b); 1915(e)(2)(B). In conducting that analysis, a prisoner's *pro se* pleading is reviewed under a less stringent standard that those drafted by an attorney and is entitled to a liberal construction that includes all reasonable inferences, which can be drawn from it. *Haines v. Kerner*, 404 U.S. 519 (1972).

A complaint may be dismissed as frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist." *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999). A complaint may be dismissed for failure to state a claim if the plaintiff does not allege enough facts to state a claim to relief that is "plausible" on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." (*Id.*).

### A. Capacity to be Sued

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Claims under 42 U.S.C. § 1983 may be brought against persons in their individual or official capacity or against a governmental entity. *See Goodman v. Harris County*, 571 F.3d 388, 395 (5th Cir. 2009). The Harris County Sheriff's Department, the Harris County

3

Jail, the Newton County Correctional Center, and the Harris County Judicial System are not legal entities subject to suit. Plaintiff's claims against these entities, therefore, are subject to dismissal for lack of capacity. *See, e.g., Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir.1991); *Jacobs v. Port Neches Police Dep't*, 915 F.Supp. 842, 844 (E.D. Tex. 1996) (noting that a Texas county sheriff's department is not a legal entity capable of being sued "absent express action by the superior corporation (the county, in the case of the sheriff's department) 'to grant the servient agency with jural authority'") (quotation omitted).

### B. Harris County Jailers, Officers and Officials

To the extent that plaintiff has named persons as defendants subject to suit under § 1983, *i.e.*, the Harris County Jailers, officers, and ranking officials, the Court will address his claims that these individuals engaged in official oppression by laughing at his grievances and forwarding them to the Mental Health and Mental Retardation Association, and that they have detained him under cruel and unusual conditions.

#### 1. Grievances

"The constitutional rights of a pretrial detainee . . . flow from both the procedural and substantive due process guarantees of the Fourteenth Amendment." *Hare v. City of Corinth*, 74 F.3d 633, 639 (5th Cir. 1996). A prisoner does not have a constitutional right to a grievance procedure. *See Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994); *Jones v. North Carolina Prisoners' Labor Union, Inc.*, 433 U.S. 119, 138 (1977). Likewise, he has no liberty interest in a satisfactory resolution of his grievances that would give rise to a due process claim. *See Geiger v. Jowers*, 404 F.3d 371 (5th Cir. 2005). Without a liberty interest giving rise to a due process claim, plaintiff's complaint that defendants laughed at his grievances and referred them to another agency is legally frivolous and subject to dismissal.

## 2. Conditions of Confinement

In his original complaint, plaintiff claims that he has been detained under conditions amounting to cruel and unusual punishment but he does not describe the unconstitutional conditions attributable to Harris County Jail employees. (Docket Entry No.1, page 3). Instead, plaintiff indicates that he has previously taken medication to calm the anxiety that he has experienced from being detained in the jail and that he has seen other people beaten in jail. He does not state that he has been denied medication or that he has been beaten. (*Id.*, page 4). Plaintiff attached to a supplement to the complaint a copy of a Step 1 Grievance that he submitted to officials in the Newton County Correctional Center on June 10, 2010, in which he complains of a broken toilet, moldy showers, and dirty ventilation system. (Docket Entry No.4, page 1). Plaintiff states that he attached such exhibit to document the constitutional violations. (*Id.*). However, the response to the grievance on June 29, 2010, indicates that the complained-of issues were resolved on June 22, 2010. (*Id.*).

The Supreme Court has observed the following with respect to conditions in pre-trial detention:

> Not every disability imposed during pretrial detention amounts to "punishment" in the constitutional sense, however. Once the Government has exercised its conceded authority to detain a person pending trial, it obviously is entitled to employ devices that are calculated to effectuate this detention. Traditionally, this has meant confinement in a facility which, no matter how modern or how antiquated, results in restricting the movement of a detainee in a manner in which he would not be restricted if he simply were free to walk the streets pending trial. Whether it be called a jail, a prison, or a custodial center, the purpose of the facility is to detain. Loss of freedom of choice and privacy are inherent incidents of confinement in such a facility. And the fact that such detention interferes with the detainee's understandable desire to live as comfortably as possible and with as little restraint as possible during confinement does not convert the conditions or restrictions of detention into "punishment."

*Bell v. Wolfish*, 441 U.S. 520, 537 (1979). "Detainment itself, however, requires that the State provide for inmates' basic human needs." *Shepherd v. Dallas County*, 591 F.3d 445, 453 (5th Cir. 2001). To raise a due process claim, a detainee must allege serious deficiencies in providing for his basic human needs. *Id*. at 454.

In this case, plaintiff does not allege facts in either pleading sufficient to raise a constitutional challenge to the conditions of confinement in the Harris County Jail or the Newton County Correctional Center under a "condition-of-confinement" theory or an "episodic act or omission" theory." *See id*. at 452 (differentiating between the two alternative theories). Plaintiff states no facts that would give rise to a claim that any person, condition, or policy deprived him of a basic human need or that any person intended to punish him by subjecting him to an unconstitutional condition. Plaintiff's claim is conclusory and therefore, subject to dismissal as legally frivolous.

### III. CONCLUSION

Based on the foregoing, the Court ORDERS the following:

1. Plaintiff's application to proceed as a pauper (Docket Entry No.2) is GRANTED. The plaintiff is not assessed an initial partial filing fee because he lacks the requisite funds. Plaintiff, therefore, shall pay the $350.00 filing fee in periodic installments as required by 28 U.S.C. § 1915(b). The agency shall collect this amount from the plaintiff's trust account and forward it to the Court on a regular basis whenever plaintiff's inmate trust fund account exceeds $10.00, until the $350.00 filing fee has been paid in full.

2. Plaintiff's complaint (Docket Entry No.1) is DISMISSED, with prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B).

3. All other pending motions are DENIED.

The Clerk will provide a copy of this order by facsimile transmission, regular mail, or e-mail to the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084,

Austin, Texas, 78711, Fax: 512-936-2159; the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax: 936-437-4793; and the District Clerk for the Eastern District of Texas, 211 West Ferguson, Tyler, Texas 75702, Attention: Manager of the Three-strikes List.

SIGNED at Houston, Texas, this 27th day of August, 2010.

*[signature]*

MELINDA HARMON
UNITED STATES DISTRICT JUDGE